PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

## Superseding Petition for Summons for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 102]

Name of Offender: Stephen Suggs  Case Number: 2:02-00010-01

Name of Judicial Officer: Honorable Todd J. Campbell, U.S. District Judge

Date of Original Sentence: March 10, 2003

Original Offense: 21 U.S.C. § 841(a)(1) and (b)(1)(A) Manufacturing 500 Grams or More of Methamphetamine

Original Sentence: 120 months' custody and five years' supervised release

Type of Supervision: Supervised Release  Date Supervision Commenced: July 10, 2010

Assistant U.S. Attorney: Hal McDonough  Defense Attorney: Dwight Scott

## PETITIONING THE COURT

__X__ To Consider Additional Violations/Information.
_____ To issue a Summons.
_____ To issue a Warrant.

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
   ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ Consideration of Additional Violations/Information.

Considered this 3 day of Oct, 2013, and made a part of the records in the above case.

_____
Todd J. Campbell
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
Amanda M. Russell
U.S. Probation Officer

Place  Nashville, TN

Date  October 3, 2013

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 102, has been amended as follows:

>Violation No. 1 - has been amended to update the Court as to the dispositions on the Driving Under the Influence and Possession of Schedule IV Drugs charges.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1. **The defendant shall not commit another federal, state, or local crime.**
On May 7, 2013, Mr. Suggs was arrested by the Sparta Police Department in White County, Tennessee, for Driving Under the Influence and Possession of Schedule IV Drugs. Mr. Suggs appeared in the White County General Sessions Court on June 14, 2013, and his case was reset to July 12, 2013, to await blood alcohol test results.

   On September 27, 2013, Mr. Suggs appeared in the White County General Sessions Court and pled guilty to Driving Under the Influence- 1st offense. Mr. Suggs was sentenced to time served, as he had previously served four days in custody, and placed on probation for 11 months and 29 days and fined $350.00 Additionally, Mr. Suggs' driver's license was revoked for one year. The charge of Possession of Schedule IV Drugs was dismissed. The affidavit and judgment are attached for Your Honor's review.

2. **The defendant shall refrain from the unlawful use of a controlled substance.**
On May 16, 2013, Mr. Suggs tested positive for Oxycodone and Hydrocodone. He initially denied any recent illegal drug use, reporting his last use was the day of his arrest on May 7, 2013. After further questioning, Mr. Suggs admitted to consuming both Oxycodone and Hydrocodone on May 14, 2013. He also admitted to smoking marijuana on or about May 7, 2013, for which he did not test positive.

**Compliance with Supervision Conditions and Prior Interventions:**
Stephen Suggs began his term of supervised release on July 10, 2010, and is due to terminate supervision on July 9, 2015. Mr. Suggs lives in Sparta, Tennessee, and is employed with Endura Products. He also owns a landscaping business.

A report was submitted to the Court on January 7, 2011, regarding Mr. Suggs' citation for Possession of a Legend Drug, for which he later he later paid a $50 fine. He was given a verbal reprimand and re-instructed to not illegally possess a controlled substance or commit another federal, state, or local crime. The Court ordered no action on January 7, 2011.

A report was submitted to the Court on May 13, 2013, regarding Mr. Suggs' pending state charges noted in this petition. He was given a verbal reprimand, again, and re-instructed to not illegally possess a controlled substance or commit another federal, state, or local crime. The Court ordered no action on May 20, 2013.

During his incarceration, Mr. Suggs completed the 500 hour Residential Drug Alcohol Program (RDAP) and the 180 day aftercare program at Centerstone Mental Health Center. Following his release from federal custody in July 2010, Mr. Suggs participated in a substance abuse assessment and complied with recommended treatment until August 2011. After his recent arrest and admission to using illegal drugs, Mr. Suggs was referred to Plateau Mental Health Center in Cookeville, Tennessee. He currently participates in weekly outpatient substance abuse treatment and increased drug testing. Mr. Suggs has incurred no further positive drug test results since May 16, 2013.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully requested that these additional violations be considered at a revocation hearing to be held before Your Honor on October 4, 2013. This matter has been reported to Assistant U.S. Attorney Hal McDonough, who concurs with the recommendation.


Approved: _____
                Britton Shelton
                Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. STEPHEN SUGGS, CASE NO. 2:02-00010-01

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** III

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003    PROTECT ACT PROVISIONS

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 5 years (Class A Felony) *18 U.S.C. § 3583(e)(3)* | 5-11 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 60 months less any term of imprisonment *18 U.S.C. § 3583(h)* | 2-5 years *U.S.S.G. § 5D1.2(a)(1)* | No recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Upon a finding that a defendant violated a condition of probation or supervised release by being in possession of a controlled substance, the Court is required to revoke probation or supervised release and impose a sentence that includes a term of imprisonment. U.S.S.G. § 7B1.4. (Application note 5)

Respectfully Submitted,

Amanda M. Russell
U.S. Probation Officer


Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# GENERAL SESSIONS COURT OF WHITE COUNTY, TENNESSEE

State of Tennessee vs. **Suggs, Stephen Edwin**

State Control # **8630**　　　　White County Case # _____

Attorney for Def. _____　　　　Address: 985 Country Club rd., Sparta, TN
Court Date: 05/10/2013
State, Deft. to ___ at ___ am/pm　　Phone ___　DL# 056137602　TN
State, Deft. to ___ at ___ am/pm　　DOB ___　SS# ___
State, Deft. to ___ at ___ am/pm　　Sex M  Race W  Ht 6'0"  Wt 180  Hair BRO  Eyes GRN
State, Deft. to ___ at ___ am/pm　　Work ___
State, Deft. to ___ at ___ am/pm

## AFFIDAVIT OF COMPLAINT

I, the affiant named below, after being sworn, state under oath that on or about **05/07/2013** in White County, Tennessee, **Suggs, Stephen Edwin** committed the offense(s) of:

DRIVING UNDER THE INFLUENCE **1st**　　TCA **55-10-401**

POSSESSION OF SCHEDULE **IV** DRUGS　　TCA **39-17-412**

_____　　TCA _____

I further state under oath that the essential facts constituting the offense(s), the sources of my information and the reasons why this information is believable and reliable are as follows:

On 5/7/2013 at approx. 19:25 City units were dispatched to South Young Street in reference to a motor vehicle accident. Upon arrival I came in contact with the driver [ Stephen Suggs ] upon speaking to Mr. Suggs I noticed that he had very slurred speech and was unsteady on his feet. Upon asking Mr. Suggs for his D.L. and registration and insurance, Mr. Suggs had a difficult time getting them for me, he kept asking me what I needed. At that time I asked Mr. Suggs if he had been drinking or taking any medication and he stated no. At that time I had Mr. Suggs perform three field sobriety test which he could not perform to standards. At that time I asked Mr. Suggs again if he had taken any medication and he stated that he took a percocet and a hydrocodone earlier in the day, I asked Mr. Suggs if he had a prescription for the meds and he stated no that the only prescription meds. that he takes is lisonpril. At that time I read the implied consent to Mr. Suggs which he agreed to take, so at that time Mr. Suggs was transported to the Highlands medical Center for a B.A.C. and then to the White County justice center and charged with D.U.I. first offense. While doing an search incident to arrest and an inventory of Mr. Suggs car I also found 5 Clonazepam in a mint container, so he was also charged with Poss. Sch.IV drugs [ Clonazepam ].

Affiant's Signature: _____
Name (Printed): Ptl. Charles Sims
Address (Printed): 323 East Bockman Way
　　　　Sparta, Tennessee 38583
Phone Number: (931) 836-3734

Sworn to and subscribed before me on **5-7**, 20**13**
_____ 
Judge/Clerk/Judicial Commissioner

## PROBABLE CAUSE DETERMINATION

Based on the affidavit of complaint, I find there is probable cause to believe that on the date set forth above in White County, Tennessee the defendant committed the offense(s) of violation(s) of TCA **55-10-401 / 39-17-412**

( ) defendant given citation or arrested without warrant  (✓) arrest warrant shall issue  ( ) criminal summons shall issue
Date **5-7-13**　　Judge/Clerk/Judicial Commissioner _____

# GENERAL SESSIONS COURT OF WHITE COUNTY, TENNESSEE
*Sam Benningfield, Judge*

## ARREST WARRANT

**OFFICER'S RETURN**

STATE OF TENNESSEE

vs.

**Suggs, Stephen Edwin**
Defendant

State Control # 9530
Case # GS _____

### TO THE DEFENDANT

Miguel A. Guevara Fernandez

(✓) Based on the affidavit of complaint filed in this case, there is probable cause to believe that you have committed the offense(s) of violation(s) of:

(1) T.C.A. 55-10-401 DRIVING UNDER THE INFLUENCE
(2) T.C.A. 39-17-412 POSSESSION OF SCHEDULE IV DRUGS
(3) T.C.A. _____

( ) Defendant has failed to appear in court or to report to jail when required to do so.

( ) _____

### INFORMATION ABOUT THE DEFENDANT

Name: Suggs, Stephen Edwin
Address: 965 Country Club rd., Sparta, TN
DOB: 10/14/1963   Sex: m
Race: W   Height: 6'0"
Weight: 180   Hair: Bro   Eyes: Grn
Phone #: _____   DL #: 056137502 TN
Place of Employment: _____
May be found at: _____
Other: _____

### WITNESSES

Summon as witnesses on the part of the State: _____

Summon as witnesses on the part of the Defendant: _____

---

Warrant served by arresting defendant today or on: _____
( ) _____

Prosecutor/Victim/Affiant notified:
( ) in person on _____
( ) by telephone on _____
( ) _____ on _____ of _____

Court date: 5-10-2013

### TO ANY LAWFUL OFFICER:

You are therefore commanded in the name of the State of Tennessee to immediately ARREST the defendant names above and bring the defendant to this court to answer the charges.

Bail is set at $ 2500.00
Conditions of Bond _____

Date: 5-7-13

_____
Judge/Clerk/Judicial Commissioner

Officer's Signature: _____
Officer's Name (Printed): Charles Sems(?)
Officer's Agency (Printed): Sparta Police Department
Date: 5-7-2013

RECEIVED
MAY 13 2013
U.S. PROBATION
PRETRIAL SERVICES
MID. TENNESSEE

# General Sessions Court Of White County, Tennessee

**State of Tennessee vs.** stephen edwin suggs

**State Control #** 8530          **White County Case #** 28044

## Judgment

#2 (X) Dismissed upon motion of State ( ) Dismissed after preliminary hearing ( ) Not Guilty ( ) Nolle Prosequi ( ) Pretrial/Judicial Diversion _____

___ Costs taxed to the ( ) State ( ) Prosecutor/Affiant – to be paid by _____ or appear in court that date for review.
( ) State's motion to not prosecute ( ) after preliminary hearing ( ) by agreement of affiant ( ) affiant did not appear ( ) Defendant waived extradition

___ Cost taxed to the Defendant – to be paid by _____ or appear in court that date for review.
( ) Costs and taxes ( ) Cost ( ) Waived (defendant indigent)

___ (1) Found GUILTY of violation of TCA __55-10-401 I__
fined $ __30.²__ , taxed with costs and taxes and sentenced to serve __11__ months __29__ days in the White County Jail (Class __A__ Misd.)
( ) Concurrent to _____ ( ) Consecutive to _____

___ (2) Found GUILTY of violation of TCA _____
fined $ _____ , taxed with costs and taxes and sentenced to serve _____ months _____ days in the White County Jail (Class _____ Misd.)
( ) Concurrent to _____ ( ) Consecutive to _____

___ (3) Found GUILTY of violation of TCA _____
fined $ _____ , taxed with costs and taxes and sentenced to serve _____ months _____ days in the White County Jail (Class _____ Misd.)
( ) Concurrent to _____ ( ) Consecutive to _____

___ Jail sentence suspended except __48 hrs__ on condition of good behavior, payment of fines, costs and taxes and restitution of $ _____
to _____ and ( ) no contact with _____ (X) supervised probation
for __11/29__ ( ) unsupervised probation for _____ (X) not drive in Tennessee for __1__ year(s)
and completion of (X) DUI school (X) alcohol/drug evaluation and counseling ( ) domestic abuse counseling ( ) _____ hours of community service to be
completed within _____. To report to jail to begin serving sentence no later than _____ at _____ am/pm
Time served credit _____ ( ) Sentence may be served on consecutive weekends. Program eligibility date is __30__ % of the term of imprisonment [pursuant to TCA § 40-35-302(d)].

___ ( ) Appealed ( ) Defendant bound over to White County Grand Jury after ( ) preliminary hearing ( ) waiving preliminary hearing and [ ] bail set at
$ _____ ( ) Defendant shall continue on current bond of $ _____

___ Other _____

___ See separate sentencing order.

09/27/13
Date

*Sam Benningfield, Judge*

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Stephen Suggs

2. **Docket Number** *(Year-Sequence-Defendant No.)* 2:02-00010-01

3. **District/Office** MD/TN

4. **Original Sentence Date** 03 / 10 / 2003
                              month  day  year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall not commit another federal, state, or local crime. | C |
| Shall refrain from the unlawful use of a controlled substance. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    C

9. **Criminal History Category** *(see §7B1.4(a))*    III

10. **Range of Imprisonment** *(see §7B1.4(a))*    5 - 11 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____   Community Confinement _____

    Fine($)        _____   Home Detention         _____

    Other          _____   Intermittent Confinement _____

13. **Supervised Release**
    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**
    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days